IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY CG  O.C.
05 JUN -6 PM 5:02
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| AUNDREY MEALS, individually, and as next friend of JAMES HARVEY MEALS, deceased, and as natural parent, guardian, and next friend of WILLIAM MEALS, a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MEMPHIS, TENNESSEE, BRIDGETTE KING, and FORD MOTOR COMPANY, <br><br> Defendants. | No. 03-2077 Ml/An |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT BRIDGETTE KING TO DISMISS AND/OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Before the Court is the Motion of Defendant Bridgette King to Dismiss and/or in the Alternative for Summary Judgment to the Amended Complaint, filed May 2, 2005. Plaintiff responded in opposition on May 31, 2005. For the following reasons, the motion is GRANTED in part and DENIED in part.

**I.   BACKGROUND**

This case arises out of a motor vehicle accident in which Plaintiff James Harvey Meals was killed and Minor Plaintiff William Meals received injuries resulting in paraplegia. On January 18, 2002, James Albert Meals was driving his 1995 Mercury Grand Marquis southbound on Covington Pike with Plaintiff James

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6/13/05

Harvey Meals and Minor Plaintiff William Meals riding as passengers. On the same date and in the same general area, John M. Harris was driving an older model Oldsmobile Cutlass.

At approximately 6:30 p.m., Mr. Harris drove past City of Memphis Police Officer Bridgette King. Officer King, while stopped in her police vehicle in the westbound turn lane of Raleigh-LaGrange Road, clocked Mr. Harris traveling at eighty one miles per hour in the eastbound lanes of Raleigh-LaGrange Road. Officer King then executed a u-turn and began following Mr. Harris's vehicle. Plaintiffs assert that ultimately Officer King instituted a high speed pursuit of Mr. Harris reaching speeds of eighty to ninety miles per hour.[1]

Mr. Harris then turned from Raleigh La-Grange Road onto Covington Pike, where he was initially traveling northbound in the southbound lanes and then crossed the median to continue driving in the northbound lanes. Eventually, Mr. Harris's vehicle crossed into the southbound lanes of Covington Pike and struck the vehicle driven by James Albert Meals. Both James Albert Meals and Plaintiff James Harvey Meals were killed in the collision. Minor Plaintiff William Meals sustained severe injuries in the collision resulting in paraplegia. Plaintiffs have filed suit against Defendant King for violation of their

---

[1] The parties dispute whether Officer King was in pursuit of Mr. Harris.

federal constitutional rights under 42 U.S.C. § 1983 as well as negligence under Tennessee law.

## II.   STANDARDS OF REVIEW

Defendant King has moved to dismiss or, in the alternative, for summary judgment regarding all of Plaintiffs' claims against her. The Court will address the standards of review relevant to the motion below.

### A. Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B. Federal Rule of Civil Procedure 56(c)

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex

3

Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Supreme Court has explained that the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1989).

So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

## III. ANALYSIS

Defendant King has moved to dismiss or in the alternative for summary judgment as to all of the claims asserted against her. In particular, Defendant King contends that she is neither

4

liable under 42 U.S.C. § 1983 nor liable for negligence under Tennessee law. The Court will address Plaintiffs' federal law claims and state law claims in turn.

### A. 42 U.S.C. § 1983

Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). To establish a prima facie case under Section 1983, a plaintiff must prove two elements: (1) that the government action occurred "under color of law" and (2) that the action is a deprivation of a constitutional right or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994).

In this case, Plaintiffs assert that the high speed police pursuit of Mr. Harris and the subsequent motor vehicle accident violated rights conferred under the Constitution of the United States. The Court will address the application of the Fourth and Fourteenth Amendments to the Constitution to this action.

### 1. Fourth Amendment

Defendant King contends that Plaintiffs cannot maintain a Fourth Amendment claim under § 1983. The Fourth Amendment is not implicated in police pursuit claims. County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1988). Plaintiffs assert, however,

5

that such claims are properly asserted under the Fourteenth Amendment. Accordingly, Defendant King's motion to dismiss the Fourth Amendment claim is GRANTED.

### 2. Fourteenth Amendment

A claim may be properly brought under the Fourteenth Amendment for an injury resulting from a police pursuit to a person who was not the intended target of the pursuit. Id. at 845-49. To prevail on such a claim, the plaintiff must prove that the defendant officer's conduct "shocks the conscience." Id. at 846-49.

Defendant King concedes that the parties dispute the facts relevant to the disposition of this case, and that each party points to evidence in the record to support its contentions. However, Defendant King contends that, even accepting Plaintiffs' contentions of fact, Plaintiffs nonetheless cannot establish as a matter of law that Defendant King's conduct shocked the conscience. The Court finds that Plaintiff has pointed to sufficient evidence in the record which, if proven true at trial, would prove that Defendant King violated Memphis Police Department policies and procedures by initiating and continuing the chase in a way that shocked the conscience. Accordingly, Defendant King's motion to dismiss or in the alternative for summary judgment regarding Plaintiffs' § 1983 claim under the Fourteenth Amendment is DENIED.

### 3. Tennessee Constitution

Defendant King also moves to dismiss Plaintiff's § 1983 claim based upon the violation of rights under the Tennessee Constitution. Generally, a § 1983 claim must be predicated on the deprivation of a federal constitutional right. Washington v. Starke, 855 F.2d 346, 348 (6th Cir. 1988). Section 1983 does not cover state constitutional violations that are not also federal constitutional deprivations. Huron Valley Hosp. v. City of Pontiac, 887 F.2d 710, 714 (6th Cir. 1989). Accordingly, Defendant King's motion to dismiss Plaintiffs' § 1983 claim based upon any purported violation of the Tennessee Constitution is GRANTED.

### 4. Loss of Consortium Under § 1983

Plaintiff concedes that there is no claim for loss of consortium in a cause of action for violations of § 1983. Accordingly, Defendant King's motion to dismiss Plaintiffs' loss of consortium claim based upon § 1983 is GRANTED.

### B. Qualified Immunity

Defendant King contends that she is entitled to qualified immunity regarding Plaintiffs' § 1983 claims. "Government officials performing discretionary functions are afforded qualified immunity, shielding them from civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Poe v. Haydon, 853 F.2d 418, 423 (6th Cir. 1988). See

7

also <u>Vaughn v. United States Small Bus. Admin.</u>, 65 F.3d 1322, 1326 (6th Cir. 1995) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1992)). In order to defeat Defendant's claims of qualified immunity, Plaintiff must show: (1) that a clearly established right has been violated; and (2) the official would have known that her conduct violates that right.

The Court finds that Defendant King is not entitled to summary judgment on the basis of qualified immunity for the same reasons that the Court has denied Defendant King's motion for summary judgment as to the Fourth Amendment claim. A showing that Defendant King violated Memphis Police Department policies and procedures by initiating and continuing the chase in a way that shocked the conscience, as alleged by Plaintiffs, would evidence a violation of Plaintiffs' rights under the Fourth Amendment. Furthermore, the Court finds that the right to be free from a police pursuit that shocks the conscience is clearly established and that a reasonable police officer would know that such action violates that right. Defendant King's motion for summary judgment on the basis of qualified immunity is therefore DENIED.

### C. Tennessee Law Negligence Claims

Defendant King also moves to dismiss or in the alternative for summary judgment regarding Plaintiffs' negligence claims under Tennessee law. Plaintiffs concede, however, that they may not maintain a state law cause of action for negligence against

8

both Defendant King and the City of Memphis, and that they have elected to pursue their claims for negligence against Defendant City of Memphis under the Tennessee Governmental Tort Liability Act. (See Pl.'s Resp. to Def. Bridgette King's Mot. to Dismiss or, in the Alternative, for Summ. J. to the Am. Compl. at 21.) Accordingly, Defendant King's motion to dismiss Plaintiffs' Tennessee law negligence claims is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant King's motion to dismiss or, in the alternative, for summary judgment as to Plaintiffs' claims under § 1983 for violation of the Fourth Amendment, the Tennessee Constitution, and for loss of consortium, and as to Plaintiffs' claim of negligence pursuant to Tennessee law. The Court DENIES Defendant King's motion for summary judgment as to Plaintiffs' claim under § 1983 for violation of the Fourteenth Amendment and on the basis of qualified immunity.

So ORDERED this 6 day of June, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 302 in case 2:03-CV-02077 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Kim Linville
LAW OFFICES OF J. HOUSTON GORDON
114 W. Liberty Ave.
Ste. 300
Covington, TN 38019--084

Emily Turner Landry
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

J. Houston Gordon
LAW OFFICES OF J. HOUSTON GORDON
114 W. Liberty Ave.
Ste. 300
Covington, TN 38019--084

Sandra Giannone Ezell
LAW OFFICE OF SANDRA GIANNONE EZELL
901 E. Bryd St.
Ste. 1500
Richmond, VA 23219

Candace A. Blydenburgh
MCGUIRE WOODS BATTLE & BOOTHE LLP
901 E. Cary St.
Richmond, VA 23219--403

John Randolph Bibb
BAKER DONELSON BEARMAN & CALDWELL
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Honorable Jon McCalla
US DISTRICT COURT