IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

AUNDREY MEALS, individually and
as next friend of JAMES HARVEY
MEALS, deceased, and as natural
parent, guardian, and next friend of
WILLIAM MEALS, a minor child,

       Plaintiff,

v.                                                                                                   No. 03-2077

CITY OF MEMPHIS, TENNESSEE,
BRIDGETTE KING, and FORD
MOTOR COMPANY,

       Defendants.

_____

ORDER DISMISSING THE PLAINTIFF'S FEDERAL CLAIMS AND REMANDING HER
STATE LAW CLAIMS TO THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
_____

       This case arises out of a high-speed police chase that ended tragically when the vehicle driven by the subject of the police pursuit crashed into another automobile, resulting in the deaths of James Albert Meals[1] and the Plaintiff's decedent, James Harvey Meals, and rendering the minor, William Meals, a paraplegic. The Plaintiff, Aundrey Meals, individually and as next friend of the decedent and the minor, brought this action against the City of Memphis and Bridgette King pursuant to 42 U.S.C. § 1983, alleging that the actions of King, a Memphis Police Officer, constituted "reckless indifference" to the rights of her decedent and son. In addition, Meals brought several state law claims against Ford Motor Co. Thereafter, Officer King filed a motion to dismiss, arguing that she did not abridge the Meals' constitutional rights and that even if she did, she was

---

       [1]James Albert Meals was the driver of the vehicle into which the suspect's vehicle crashed. He was also the father of James Harvey Meals and grandfather of William Meals.

entitled to qualified immunity. District Judge Jon McCalla[2] denied the motion on both grounds, and Officer King filed an interlocutory appeal. The City also filed an interlocutory appeal of Judge McCalla's partial denial of its motion for summary judgment, arguing that its "liability under 42 U.S.C. § 1983 is inextricably intertwined with the District Court's decision to deny Officer King's qualified immunity motion." (Doc. No. 321, City of Memphis' Notice of Appeal, at 2.)

On appeal, the United States Court of Appeals for the Sixth Circuit held that, based upon the facts presented, Officer King did not violate the constitutional rights of James Harvey Meals or William Meals. With that determination, the appellate court also concluded that there was no basis to hold the City of Memphis liable for the conduct of King under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). (Doc. No. 374, Sixth Cir. Op., at 9.) However, it noted that it would not address the Plaintiff's argument "that the district court properly denied summary judgment to the City as to her § 1983 claim for violation of the Fourteenth Amendment because it failed to properly train and supervise its police officers on high-speed police pursuits," since the City had "not appealed that aspect of the order." (<u>Id.</u> at 7 n.6.)

Having reversed Judge McCalla's denial of qualified immunity and the denial of summary judgment as to the City, the court remanded this case for further proceedings. Based on the Sixth Circuit's decision, this Court directed the Plaintiff to show cause within fifteen (15) days of the entry of that order why judgment should not be entered in favor of Officer King and the City of Memphis. (Doc. No. 375.) The Plaintiff has responded, acknowledging that the claims against King must be dismissed, but noting that the Sixth Circuit explicitly withheld judgment on the § 1983 claim against the City that was premised on its alleged failure to properly train and supervise its police officers.

---

[2] This case was subsequently transferred from Judge McCalla to the undersigned.

(Doc. No. 377, Pl.'s Resp., at 3.) According to Meals, the claim against the City is based on its own "deliberate indifference" and is therefore not affected by Officer King's lack of liability. (Id.)

The question remaining before the Court is, thus, whether a municipality can be held liable pursuant to § 1983 when the government actor who actually injured the plaintiff has not committed a constitutional violation. In Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994), on reh'g on banc, 22 F.3d 1296 (1994), the Third Circuit held that a fatal police pursuit could give rise to a constitutional claim against a municipality, even if the officer involved in the pursuit did not violate the Constitution. The court reasoned that while the officer may merely be guilty of negligence, rather than conduct that shocks the conscience, the city could be responsible for the accident by failing to properly train its officers on how to conduct a high speed chase. Id. Several circuits have rejected this analysis, however, including the Seventh Circuit, which stated that Fagan contradicted the clear holding of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) that "'[i]f a person has suffered no constitutional injury at the hands of the police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.'" Thompson v. Boggs, 33 F.3d 847, 859 n.11 (7th Cir. 1994). In other words, unless the government actor inflicts a constitutional injury, the municipality is not liable under § 1983, even if its policies or regulations are faulty. See also Trigalet v. City of Tulsa, 239 F.3d 1150, 1155-56 (10th Cir. 2001) (rejecting Fagan and holding that even if Tulsa's policies, training, and supervision of officers with respect to high-speed pursuits were unconstitutional, the city could not be held liable under § 1983 for the deaths of motorists killed in a collision with a fleeing suspect in the absence of a constitutional violation by the officers conducting the pursuit); Young v. City of Mount Ranier, 238 F.3d 567, 579 & n.9 (4th Cir. 2001) (refusing to apply Fagan and stating that "[t]he law is quite clear in this circuit that a section 1983 failure-to-train claim cannot be maintained against a

3

governmental employer in a case where there is no underlying constitutional violation by the employee") (citation omitted); Evans v. Avery, 100 F.3d 1033, 1039-40 (1st Cir. 1996) (holding that a city could not be liable in a § 1983 case arising from injuries incurred during a police chase, if the pursuing officers did not commit a constitutional violation and rejecting Fagan on the basis that it "improperly applied the Supreme Court's teachings"); see also Best v. Cobb County, 239 Fed. Appx. 501, 504 (11th Cir. 2007) (noting that the Eleventh Circuit had previously held that a claim for failure to train officers for high speed vehicle operation cannot be maintained against a municipality if the automobile accident does not rise to the level of violating a plaintiff's constitutional rights). Even the Third Circuit has now called its holding in Fagan into doubt. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1153 n.13 (3d Cir. 1995) ("[T]he Fagan panel opinion appeared to hold that a plaintiff can establish a constitutional violation predicate to a claim of municipal liability simply by demonstrating that the policymakers, acting with deliberate indifference, enacted an inadequate policy that caused an injury. It appears that, by focusing almost exclusively on the 'deliberate indifference' prong of the Collins [v. City of Harker Heights, 503 U.S. 115 (1992)] test, the panel opinion did not apply the first prong-establishing an underlying constitutional violation.").

While there is no Sixth Circuit opinion directly on point, Judge Guy Cole of that court did address this issue in a concurrence to the majority opinion in Epps v. Lauderdale County, 45 Fed. Appx. 332, 334 (6th Cir. 2002), where he concluded that "a municipality may still be held liable for a substantive due process violation even when the individual officer is absolved of liability." While damages may not be awarded against a municipality when *no* constitutional injury has been suffered by a victim, he opined that "a finding that the individual government actor has not committed a constitutional violation does not require a finding that no constitutional harm has been inflicted upon the victim, nor that the municipality is not responsible for that constitutional harm." Id. Judge Cole imagined that a municipality might be liable in circumstances where "[a] given constitutional violation may be attributable to a municipality's acts alone and not to those of its employees-as when

4

a government actor in good faith follows a faulty municipal policy." Id. (citations omitted). Alternatively, municipal liability could be "based on the actions of individual government actors other than those who are named as parties." Id. (citations omitted). Finally, he concluded that "it is possible that no one individual government actor may violate a victim's constitutional rights, but that the 'combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights.'" Id. (quoting Garcia v. Salt Lake County, 768 F.2d 303, 310 (10th Cir. 1985)).

In this case, the Sixth Circuit clearly held that Officer King did not commit a constitutional violation:

> We are therefore compelled to conclude, despite the tragic results stemming from Officer King's violation of the City's policy, that the facts in the present case do not make out a substantive due process violation . . . .

(Doc. No. 374, Sixth Cir. Op., at 9.) Applying Thompson, Trigalet, and Young, the Court declines to follow Fagan and concludes that the Plaintiff's § 1983 failure-to-train claim against the City must fail because there is no predicate constitutional violation in this case. The result would be same even if the Court applied Judge Cole's reasoning in Epps, as this case does not fit any of the situations he considered might be appropriate to hold a municipality liable. First, the Plaintiff herein cannot argue that Officer King was a government actor who in good faith followed a faulty municipal policy. As the Sixth Circuit noted, the Plaintiff Meals had previously argued the opposite, as when she tried to show that Officer King must have intended to harm her relatives because she *violated* the City's pursuit policy. (Doc. No. 374, Sixth Cir. Op., at 9.) Second, this is also not a case where government employees other than Officer King can be blamed for the accident, given that she was the only police officer involved in the pursuit. Thus, even if a panel of the Sixth Circuit eventually adopts Judge Cole's position, the City would not be held liable under the facts of this case. The Court therefore finds that judgment must be entered in favor of the City on the Plaintiff's § 1983 claims.

5

Having disposed of the Plaintiff's federal causes of action, the Court considers sua sponte whether it may maintain jurisdiction over the only remaining claims in this case, namely the Plaintiff's state law claims against the City of Memphis and Ford Motor Co. See Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998) ("[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.") (citations omitted). Federal courts have jurisdiction over the subject matter of a case when there is either diversity jurisdiction or federal question jurisdiction. With the elimination of the federal law claims, the Court can only retain jurisdiction over this case if there is diversity among the parties. Diversity jurisdiction is present when a controversy exists between citizens of different states and an amount of at least $75,000 is at stake. 28 U.S.C. § 1332(a).

The United States Supreme Court has long held that diversity jurisdiction is only proper if all plaintiffs are citizens of different states from all defendants. Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806). A natural citizen is a citizen of the state in which he is domiciled. Safeco Ins. Co. of Am. v. City of White House, 36 F.3d 540, 544 (6th Cir. 1994). "[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the state,' is a citizen of the State for diversity jurisdiction purposes." Moor v. Alameda County, 411 U.S. 693, 717 (1973) (citations and internal footnote omitted). The Plaintiff in this case is domiciled in Tennessee and is thus a citizen of Tennessee for diversity purposes. (See Doc. No. 269, Am. Compl. ¶ 1.) As a political subdivision of the state of Tennessee, the City of Memphis is also a citizen of Tennessee for diversity purposes. (See Doc. No. 269, Am. Compl. ¶ 2.) Because both the Plaintiff and one of the Defendants are citizens of Tennessee, this Court cannot maintain jurisdiction over the remaining claims in this case.

Accordingly, for the reasons stated herein, the Plaintiff's federal law claims are dismissed with prejudice, while her state law claims against the City of Memphis and Ford Motor Co. are remanded to the Circuit Court of Shelby County, Tennessee.

IT IS SO ORDERED this 13th day of March, 2008.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE